UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

MILAGROS QUINONES,

        Plaintiff,

v.                                                  Case No. 14-CV-0198 KG/SCY

JACQUI CARROLL,

        Defendant.

ORDER DENYING PLAINTIFF'S MOTION TO REMAND

        This matter comes before the Court on Plaintiff's Motion to Remand and Memorandum of Law, filed March 21, 2014, (Doc. 10).  On January 28, 2014, Plaintiff filed a *pro se* "Verified Civil Complaint" in the Second Judicial District Court, County of Bernalillo, State of New Mexico, asserting six claims, including: Count I, "Violation of Labor Conditions, Payment of Wages;" Count II , "Inference where evidence was lost, destroyed or altered;" Count III, "Blacklisting;" Count IV, "Defamation;" Count V, "Fraudulent Misrepresentation;" and Count VI, Intentional Infliction of Emotional Distress." (Doc. 1-2).  In her complaint, Plaintiff requests an award of "money damages in excess of $10,000," *Id*.

        On March 3, 2014, Defendant timely filed a Notice of Removal, asserting federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1441(b) (authorizing removal to federal district court "civil actions arising under the Constitution, laws or treaties of the United States"), specifically the Labor Management Relations Act (LMRA).  29 U.S.C. §§ 141 *et seq*.  More specifically, Defendant asserts section 301 of the LMRA preempts Plaintiff's state law tort claims "because resolving the tort claims would require this Court to interpret the terms of the [Collective Bargaining Agreement], an act exclusively reserved to the federal courts."  *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-6 (1988).  I agree.  Section 301 of the LMRA

preempts state law claims, including tort claims requiring the interpretation of a collective bargaining agreement. *Id.* Each of plaintiff's state law claims are preempted by section 301 because they each would have to be analyzed under the terms of the collective bargaining agreement to which Plaintiff is a party. I find that removal is proper.

Accordingly, Plaintiff's Motion to Remand (Doc. 10) is DENIED.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE